In the

# United States Court of Appeals
## For the Seventh Circuit

No. 18-1898

CHRISTOPHER JOZEFYK,

*Plaintiff-Appellant,*

*v.*

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 16-CV-1361 — **William C. Griesbach**, *Chief Judge*.

ARGUED APRIL 24, 2019 — DECIDED MAY 8, 2019

Before KANNE, HAMILTON, and ST. EVE, *Circuit Judges*.

PER CURIAM. Christopher Jozefyk applied for Disability Insurance Benefits and Supplemental Security Income, claiming disability based on several physical and mental conditions, including degenerative changes in his cervical spine, lumbar strain, obesity, affective disorder, and anxiety disorder. An Administrative Law Judge denied benefits, and the district court concluded that substantial evidence supported the

ALJ's decision. Jozefyk raises two arguments on appeal: (1) the ALJ did not establish a valid waiver of attorney representation before allowing Jozefyk to proceed *pro se* at the hearing, and (2) the residual functional capacity finding did not account for Jozefyk's moderate limitations in concentration, persistence, or pace. Because the record does not substantiate either argument, we affirm.

## I. BACKGROUND

On appeal, Jozefyk addresses only his mental conditions, so we limit our analysis accordingly.

Jozefyk was diagnosed with depression in 2001, but he did not receive consistent treatment for his symptoms until more than a decade later. In May 2013, psychologist William Camp diagnosed Jozefyk with generalized anxiety disorder, depressive disorder, and avoidant personality disorder. Jozefyk told Dr. Camp that he "froze up" in stressful situations and had difficulty being around groups of people. He also reported short-term memory problems but performed well on Dr. Camp's memory assessments. Another doctor, neuropsychologist William Hitch, also evaluated Jozefyk and found that he had normal memory function and only mild concentration impairments.

Jozefyk's medical records were also reviewed by two agency psychologists: Edmund Musholt (in June 2013) and Kenneth Clark (in October 2013). Dr. Musholt concluded that Jozefyk had severe impairments of affective and anxiety disorders, causing moderate limitations in concentration, persistence, or pace. Although Jozefyk had reported memory difficulties, Dr. Musholt found no indication of cognitive or memory problems. But Dr. Musholt opined that, because of

Jozefyk's difficulties in social settings, he was moderately limited in his ability to work in coordination with or in proximity to others. Dr. Clark reviewed an updated medical record and made the same findings as Dr. Musholt.

In November 2014, Jozefyk sought treatment from psychiatrist Dr. Guy Powers. Dr. Powers observed that Jozefyk had moderate functional difficulties but was otherwise alert and oriented. He diagnosed Jozefyk with depressive disorder and recommended medication and therapy.

Before his administrative hearing, Jozefyk was sent several written communications from the Social Security Administration, including a publication entitled "Your Right to Representation," explaining his right to an attorney, organizations that could help him find an attorney, the fee structure, and the benefits of representation in disability proceedings. Also, in his request for a hearing, Jozefyk certified: "I do not have a representative. I understand that I have a right to be represented and that if I need representation, the Social Security office or hearing office can give me a list of legal referral and service organizations to assist me in locating a representative."

In March 2015, Jozefyk appeared for his ALJ hearing without representation. The ALJ noted on the record that Jozefyk did not have an attorney and asked him if he was aware of his right to counsel. Jozefyk responded "yes" and stated that, because none of the lawyers that he had contacted would take his case, he decided to proceed by himself. The ALJ offered to continue the hearing to give Jozefyk more time to find an attorney, but Jozefyk again stated that he wanted to proceed.

Jozefyk testified that he previously worked as a security guard and a gas station cashier, but he was no longer looking

for work because of his "really bad anxiety and depression." Jozefyk explained that he has difficulty getting along with others because of his mental impairments. Jozefyk's daily activities include spending time on the computer and watching television. He also occasionally helps his mother with housework.

A vocational expert also testified at the hearing. The ALJ asked the expert to consider a hypothetical person with Jozefyk's age, education, work experience, and the following limitations: simple, routine, repetitive tasks requiring no more than occasional contact with supervisors and coworkers; no contact with the public; and an assigned work area at least ten to fifteen feet away from coworkers. The expert opined that this person could not perform Jozefyk's past work, but could work as a floor waxer, kitchen helper, or machine operator.

The ALJ applied the standard five-step analysis, *see* 20 C.F.R. § 404.1520(a), and concluded that Jozefyk was not disabled. At Step 1, the ALJ determined that Jozefyk had not engaged in substantial gainful activity since his alleged onset date in December 2011. At Step 2, the ALJ evaluated Jozefyk's physical and mental conditions, and concluded that he was suffering from severe impairments—lumbar strain, obesity, degenerative changes in the cervical spine, and affective and anxiety disorders—within the meaning of the Act and regulations. *See* 20 C.F.R. § 404.1520(c). But at Step 3, the ALJ determined that these impairments do not meet a listing for presumptive disability. The ALJ noted, however, that Jozefyk's mental impairments cause "moderate" difficulties in social functioning and concentration, persistence, or pace.

In assessing Jozefyk's RFC (Step 4), the ALJ found that Jozefyk could perform medium exertional work with the restrictions enumerated in the hypothetical question to the vocational expert. She afforded the opinions of the agency psychologists "great weight," and found credible the opinion of Jozefyk's treating physician, Dr. Powers, that Jozefyk has moderate mental impairments while in social settings. But the evidence as a whole, in the ALJ's assessment, did not support a finding that Jozefyk's impairments were so severe as to preclude him from engaging in any work activity. The ALJ found that Jozefyk could not perform his past work as a cashier or security guard. But at Step 5, the ALJ relied on the vocational expert's testimony to conclude that Jozefyk could perform a different job available in the national economy.

The Appeals Council denied Jozefyk's request for review, and the district court upheld the ALJ's decision.

## II. ANALYSIS

Because the Appeals Council denied review, we evaluate the ALJ's decision as the final word of the Commissioner. *See Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir.), *modified on reh'g* (7th Cir. 2018). The ALJ's decision will be upheld if supported by "substantial evidence," which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Jozefyk first argues that the ALJ did not obtain a valid waiver of his right to counsel before allowing him to proceed *pro se* at the hearing. Although Jozefyk is correct that he had a statutory right to counsel, *see* 42 U.S.C. § 406, a claimant can waive that right once advised of "'(1) the manner in which an

attorney can aid in the proceedings, (2) the possibility of free counsel or a contingency arrangement, and (3) the limitation on attorney fees to 25 percent of past due benefits and required court approval of the fees.'" *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (quoting *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994)). We mandate more disclosures than the regulations, which require the agency simply to notify the claimant in writing of his "options for obtaining attorneys," and the "organizations which provide legal services free of charge." 42 U.S.C. § 1383(d)(2)(D); 20 C.F.R. § 404.1706; *see also Lamay v. Comm'r of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (discussing the Seventh Circuit's standard for waiver).

Here, Jozefyk was adequately advised of his right to counsel. Months before the hearing, the agency mailed several written notices explaining his right to an attorney, counsel's role in disability proceedings, and available fee arrangements. Specifically, the "Your Right to Representation" pamphlet attached to his hearing notices lists, in detail, the admonishments this court requires to establish waiver.

Jozefyk counters that there is no evidence to prove that he received the pamphlets and, even if he did receive them, the ALJ should have repeated the information at the hearing. But there are several problems with Jozefyk's arguments. First, Jozefyk does not deny receiving the pamphlets; he merely speculates that he might not have (although he would know). Moreover, the evidence shows that he likely received the pamphlets and undoubtedly received other right-to-counsel notices. Jozefyk signed a form confirming that he received at least one notice, and most of them—including the one mailed to Jozefyk five days before he signed the confirmation form—

specifically list the pamphlet as an enclosure. And he appeared at the correct place and time for the hearing, suggesting that he received and read the SSA's letter, to which the pamphlet was attached. He also certified in a separate document (the request for a hearing) that he understood his right to representation and that he was aware of referral organizations that could help him secure counsel.

Second, so long as it contains the required information, written notice adequately apprises a claimant of his right to counsel. *Compare Castillo v. Barnhart*, 325 F.3d 550, 552 (5th Cir. 2003) (per curiam) ("[T]he numerous written notices Castillo received … sufficiently informed her of her right to an attorney.") *with Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir. 1991) (written notice and oral reminders were insufficient because they failed "to fully discuss the benefits of legal representation or the possibility of contingency arrangements."). That's especially true when the ALJ issues the claimant an oral reminder at the hearing. *See Evangelista v. Sec. of Health and Human Serv.*, 826 F.2d 136, 142 (1st Cir. 1987). We decline to expand an already demanding waiver standard by requiring the ALJ to recite admonishments that the agency's own regulations do not require. Moreover, the ALJ was not silent: she confirmed that Jozefyk was appearing without an attorney and that he was aware of his right to counsel.

In any event, Jozefyk has not shown that he was prejudiced by the lack of counsel because the ALJ adequately developed the record. "The ALJ's duty to develop the record fully and fairly where the claimant proceeds without counsel is met if the ALJ probes the claimant for possible disabilities and uncovers all of the relevant evidence." *Binion*, 13 F.3d at 245. To prove prejudice, the claimant must point to specific,

relevant facts that the ALJ did not consider. *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). Here, Jozefyk argues that the ALJ did not obtain medical records of Jozefyk's bipolar diagnosis and did not ask certain questions about his mental health. But the ALJ asked Jozefyk whether he had any problems gathering evidence or if he wished to submit other medical documents. Jozefyk listed three missing medical exhibits, so the ALJ gave Jozefyk extra time to file them and waited until the documents were submitted to reach a final decision. Moreover, the ALJ heard testimony about Jozefyk's mental impairments and their impact on his daily functioning; it is unclear how more questions on the same issues would have changed the outcome. Thus, Jozefyk's waiver of counsel does not warrant a remand.

Next, Jozefyk argues that the ALJ's RFC determination did not adequately account for his moderate limitations in concentration, persistence, or pace. Specifically, he asserts that the ALJ omitted accommodations for Jozefyk's less severe symptoms, such as fatigue, loss of energy, and difficulty with attention and concentration. And the limitations that the ALJ did include, he continues, were not logically connected to record evidence. *See Young v. Barnhart*, 362 F.3d 995, 1002 (7th Cir. 2004).

We see no error in the ALJ's assessment; she considered all limitations supported by record evidence. *See Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014). Jozefyk points to self-reported symptoms that doctors, including his own treating physician, could not confirm. For instance, Jozefyk insists that he has memory and concentration difficulties, but doctors observed that Jozefyk appeared "alert and orientated" and performed well on memory tests. Even so, the ALJ credited

Jozefyk's testimony and included accommodations for a "mild mental functional impairment" in the RFC assessment. She did not, as Jozefyk contends, discount the less severe impairments entirely. *See Denton v. Astrue*, 596 F.3d 419, 423–24 (7th Cir. 2010). The ALJ also tied the record evidence to the limitations included in the RFC finding, tailoring Jozefyk's workplace setting to accommodate his social anxiety. *See Moore*, 743 F.3d at 1121 (requiring an ALJ to build a "logical bridge" between limitations and RFC finding); *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009).

Jozefyk counters that the ALJ failed to impose restrictions to account for his moderate limitation in concentration, persistence, or pace. He emphasizes that this court has said that generically confining claimants to "routine tasks and limited interactions with others" might not adequately capture a claimant's limitations. *See Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015) (quoting *Yurt*, 758 F.3d at 858–59)). But Jozefyk's case is distinguishable. Although Jozefyk states that he suffers from psychological limitations while alone, according to the medical evidence, his impairments surface only when he is with other people or in a crowd. Indeed, one agency doctor opined that Jozefyk's memory and adaptive functioning were intact, but that he might have moderate difficulties with both in social settings. We have upheld RFC determinations similar to the one here when they adequately account for the claimant's demonstrated psychological symptoms. *See Johansen v. Barnhart*, 314 F.3d 283, 288–89 (7th Cir. 2002); *see also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 619 (7th Cir. 2010) (summarizing similar cases).

Finally, even if the ALJ's RFC assessment were flawed, any error was harmless. *See McKinzey v. Astrue*, 641 F.3d 884, 892

(7th Cir. 2011). It is unclear what kinds of work restrictions might address Jozefyk's limitations in concentration, persistence, or pace because he hypothesizes none. The ALJ found that Jozefyk's memory and concentration were slightly impaired, but Jozefyk cites no evidence that those deficits keep him from performing simple, routine, and repetitive tasks. *See Simila v. Astrue*, 573 F.3d 503, 521 (7th Cir. 2009) (claimant with deficiencies in concentration, persistence, or pace can perform semiskilled work); *Sims v. Barnhart*, 309 F.3d 424, 431 (7th Cir. 2002) (claimant with moderate limitations in concentration, persistence, or pace can perform "simple and repetitive light work"). Because Jozefyk did not testify about restrictions in his capabilities related to concentration, persistence, or pace deficits, and the medical record does not support any, there are no evidence-based restrictions that the ALJ could include in a revised RFC finding on remand.

### III. CONCLUSION

For the foregoing reasons, the judgment is AFFIRMED.[1]

---

[1] The Commissioner filed a supplemental brief in this case, purportedly triggered by the Supreme Court's recent decision in *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). The agency argues that our standard for articulating functional restrictions caused by moderate limitations in concentration, persistence, or pace—a topic that a spate of decisions has addressed in recent months—is too demanding and even violates federal regulations. *See, e.g., DeCamp v. Berryhill*, 916 F.3d 671 (7th Cir. 2019); *Winsted v. Berryhill*, 915 F.3d 466 (7th Cir. 2019). We granted the Commissioner leave to file the brief before receiving Jozefyk's opposition to the motion, so Jozefyk's response was deemed a motion to reconsider. But we see no need to reconsider our decision. The Commissioner's supplemental brief had little relevance to this case and no bearing on the outcome. We therefore DENY Jozefyk's motion to reconsider as moot.