In the

# United States Court of Appeals
## For the Seventh Circuit

No. 22-3084

ERIK D. BERTAUD,

*Plaintiff-Appellant,*

*v.*

MARTIN J. O'MALLEY,
Commissioner of Social Security,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 20-cv-01818-bhl — **Brett H. Ludwig**, *Judge.*

ARGUED NOVEMBER 28, 2023 — DECIDED DECEMBER 21, 2023

Before EASTERBROOK, HAMILTON, and BRENNAN, *Circuit Judges.*

BRENNAN, *Circuit Judge.* The Commissioner of the Social Security Administration denied Erik Bertaud's application for disability insurance benefits and supplemental security income. He asked the district court to overturn that decision, pointing to 800 pages of new medical evidence as proof that the administrative law judge failed to develop the record. The

district court agreed with the Commissioner, and Bertaud asks us to reverse.

Although an ALJ does have a duty to develop the record, that duty is limited when an attorney represents the claimant during the benefits hearing. Not only was Bertaud represented, but at the hearing his attorney confirmed that the evidence was complete. The district court properly denied Bertaud's motion for summary judgment and affirmed the Commissioner's decision.

## I.

On May 2, 2013, a 100-pound tree branch fell 60 feet onto Erik Bertaud's head. He suffered serious injuries. With the assistance of counsel, he filed a claim for disability insurance benefits and supplemental security income with the Social Security Administration. An administrative law judge denied his claim. Bertaud sought relief and the Appeals Council remanded. An ALJ denied his claim again, Bertaud appealed once again, and the Appeals Council remanded once more.

An ALJ denied Bertaud's claim a third time on April 8, 2020, concluding that, under the Social Security Act, Bertaud was not disabled. Bertaud again appealed to the Appeals Council, but this time, it denied his request for review, so the ALJ's April 8 order became the final decision of the Commissioner.

Bertaud then sought judicial review. Before the district court, he argued that the ALJ failed to develop the record of his disability, citing more than 800 pages of supplemental medical records as proof. The court denied Bertaud's motion for summary judgment and affirmed the Commissioner's decision. Bertaud was represented throughout the process, his

lawyer confirmed that the record was complete, and his lawyer supplemented the record when necessary. Thus, the court determined that the ALJ did not fail to develop Bertaud's medical record. Bertaud appealed.

**II.**

When a district court affirms the Commissioner's final decision, we review the district court's decision de novo. *Martinez v. Kijakazi*, 71 F.4th 1076, 1079 (7th Cir. 2023). We review the ALJ's conclusions of law de novo and determinations of fact deferentially. *Id.* If there is substantial evidence supporting the ALJ's decision, we affirm. *Id.*

An ALJ in a benefits hearing "has a duty to develop a full and fair record." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009). Under agency regulations, the claimant has the principal duty to submit evidence relating to the disability claim. *See* 20 C.F.R. § 404.1512(a)(1) (2023). The claimant's duty is "ongoing" and covers "any additional related evidence about which [he] become[s] aware." *Id.* The ALJ's duty is supplemental. *See* § 404.1512(b)(1). The ALJ makes an initial request and, if necessary, a follow-up request for records dating back to one year before the claimant filed his application. *See id.*; § 404.1512(b)(1)(i) & (ii).

This duty is tethered to a claimant's legal representation, but the regulations prevent it from receding completely. It is higher when the claimant is not represented by counsel. *See Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007). In 1978, this court, reversing a benefits denial, explained that because "hearings on disability claims are not adversary proceedings," the ALJ is duty-bound to help unrepresented claimants "explore for all the relevant facts … ." *Smith v. Sec'y of Health,*

*Ed. & Welfare*, 587 F.2d 857, 860 (7th Cir. 1978) (quotations omitted). So, when a claimant appears pro se, the ALJ, under the heightened duty, must "'probe[] the claimant for possible disabilities and uncover[] all of the relevant evidence.'" *Jozefyk v. Berryhill*, 923 F.3d 492, 497 (7th Cir. 2019) (quoting *Binion v. Shalala*, 13 F.3d 243, 245 (7th Cir. 1994) (citing *Smith*, 587 F.2d at 860)).

The duty is lower when a lawyer makes the claimant's case for him. *See Skinner*, 478 F.3d at 842. This supplement to the *Smith* rule arrived by 1988, when a represented claimant challenged the denial of disability benefits on duty-to-develop grounds. *See Ray v. Bowen*, 843 F.2d 998, 999–1000 (7th Cir. 1988). As in *Smith*, representational status moderated the ALJ's responsibility: "'[w]hen an applicant for Social Security benefits is represented by counsel [the Secretary] is entitled to assume that the applicant is making his strongest case for benefits.'" *Id.* at 1006 (quoting *Glenn v. Sec'y of Health & Hum. Servs.*, 814 F.2d 387, 391 (7th Cir. 1987)) (alterations in original).

Further, regardless of whether the claimant is represented by counsel, the reviewing court defers to the ALJ on the question of how much evidence must be gathered. *Nelms*, 553 F.3d at 1098 (citing *Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994) (citing *Kendrick v. Shalala*, 998 F.2d 455, 458 (7th Cir. 1993))). Deference comes from the practical reality that "no record is 'complete'—one may always obtain another medical examination, seek the views of one more consultant, wait six months to see whether the claimant's condition changes, and so on." *Kendrick*, 998 F.2d at 456–57.

Applying the regulations and the record-volume deference rule, this court in *Flener ex rel. Flener v. Barnhart* rejected

a represented claimant's duty-to-develop claim. 361 F.3d 442, 448–49, 446 (7th Cir. 2004). Because there was enough evidence before the ALJ to support his conclusion, the ALJ did not err by failing to develop the record further. *Id.* at 448. Discussing agency regulations, the court noted that the claimant has "the primary responsibility for producing medical evidence demonstrating the severity of impairments." *Id.* (citing 20 C.F.R. § 416.912(c) (2000)).

In sum, a represented claimant will not succeed on a duty-to-develop claim by arguing merely that the ALJ should have uncovered missing evidence or sought out all possible disabilities. *See Jozefyk*, 923 F.3d at 497. Neither will the claimant succeed by arguing the ALJ could have gathered more evidence, unless the ALJ did not meet the regulatory requirement. *See Nelms*, 553 F.3d at 1098. And once the ALJ reasonably decides that "further development" of key issues is not necessary, the ALJ's decision to go no further is not a breach of duty. *Flener*, 361 F.3d at 448.†

## III.

Bertaud says the ALJ should have inquired about the gap in the record because the gap indicated that more records existed. The ALJ was not duty-bound to investigate this gap. First, an attorney represented Bertaud before the ALJ, so the ALJ's duty to inquire was lessened. *See Skinner*, 478 F.3d at 842. We presume the attorney made Bertaud's best case before the ALJ. *Id.* Indeed, at the hearing, the ALJ asked Bertaud's

---

† Between them, the parties have cited to us nine nonprecedential dispositions from this court. Nonprecedential dispositions are not binding precedent. *See* 7TH CIRC. R. 32.1. If an issue has few published opinions, we encourage litigants to invite us to issue one.

counsel whether he had a chance to review the exhibits. Bertaud's counsel responded: "Yes, I have and they are complete to the best of my knowledge." The ALJ was entitled to conclude that additional development of the issues was unnecessary. *See Flener*, 361 F.3d at 448.

We therefore AFFIRM the district court's decision denying Bertaud's motion for summary judgment and affirming the decision of the Commissioner.